# Yaffe v. Benton

*Brenner & Brenner*, for plaintiff; *Nix, Rhodes & Humbert*, for defendant.

SMITH, P. J., November 10, 1934.—The plaintiff filed a bill in equity in this case, averring that he has owned premises 1828 South Street, Philadelphia, since September 9, 1920, and occupies the same as his place of business and residence for himself and his family; that the defendant has owned premises 1830 South Street, Philadelphia, since June 4, 1926, and for the past year has conducted the same as a cabaret and taproom; that the musicians engaged by the defendant for the entertainment of the patrons of her taproom play from 10 o'clock in the evening until 3 and 4 o'clock in the morning in a loud and turbulent manner; that the defendant permits her patrons to conduct themselves in a boisterous manner until 4 and 5 o'clock in the morning, which music and behavior has persisted every evening, except Sunday, during the past year; that the said music and noise have caused nervous shocks to plaintiff and others within his house, interfering with the comfort and enjoyment of his dwelling; that plaintiff has complained to defendant and the police department without avail; that the operation and conduct of the said cabaret and taproom in its present manner and location is a nuisance of a continuous and progressive character; that plaintiff has no adequate remedy at law and prays (1) that defendant be required to appear and answer this bill of complaint, (2) that an injunction issue preliminary until hearing and perpetual thereafter restraining defendant from operating her cabaret and taproom at the present location, (3) such further relief as the court deems proper.

The defendant made answer to the bill, admitting the titles of plaintiff and defendant and plaintiff's residence. The defendant denies occupying the premises 1830 South Street as a cabaret and taproom and avers that she has occupied the same as her dwelling and a beer garden on the first floor and that prior to the opening of the beer garden she conducted the premises as her dwelling with a restaurant on the first floor. Defendant denies that she engages musicians for the entertainment of her guests, but avers that on some occasions there is a piano player and a banjo player at her place of business. Defendant denies that any musicians play in her establishment until 3 and 4 o'clock in the morning, denies that the playing of music is rendered in a loud and turbulent manner, and avers that she conducts her place of business in a decorous and quiet manner and that no one has ever complained of any noises emanating from her establishment except the plaintiff himself, who does so to destroy her business and drive her out of the neighborhood. Defendant denies any boisterous conduct on the part of her patrons until 4 o'clock in the morning, and avers that her patrons act in an orderly, law-abiding manner; that on many occasions there has been no music and that her patrons have never annoyed anyone in the neighborhood. Defendant denies having caused plaintiff or anyone within his house to suffer nervous shocks, and avers that plaintiff has tried to pick quarrels with defendant and many times attempted to drive her out of the neighborhood. Defendant denies plaintiff complained to her of the conduct of her patrons, and avers instances of annoyances to defendant's patrons by plaintiff. Defendant denies knowledge of plaintiff complaining to the police, denies that her establishment is operated in a manner so as to become a nuisance, and avers that plaintiff is in no way damaged by defendant's establishment; avers that plaintiff is attempting to destroy defendant's business, and prays for dismissal of the bill.

The case was heard on bill, answer, and testimony taken.

### Findings of fact

1. The plaintiff, a Jewish man, has owned, and with his wife and three children has occupied, the shoe store and dwelling situate at 1828 South Street, Philadelphia, since 1920.

2. The defendant, a colored woman, has owned and occupied 1830 South Street, Philadelphia, for 19 years, during part of which time, to wit, 17 years, she operated a restaurant on the premises.

3. During the past 2 years, the defendant has operated a taproom on her property, employing the services of two musicians—a pianist and a banjo player, in the night and early hours of the morning, sometimes up to 3 and 4 a. m.

4. 1828 and 1830 South Street are separated by a party wall with a narrow side yard in the rear.

5. Since the filing of this bill in equity, the defendant has had no music in her taproom after 2 a. m.

6. On the south side of South Street, between Eighteenth and Nineteenth Streets, there are stores, dwelling houses, and a colored church located at 1832 South Street. Most of the stores are not occupied, while colored tenants occupy the upstairs dwellings. In the taproom of the defendant, where liquor and beer are sold, there are 64 chairs for customers in a room 20 feet wide and 50 feet deep.

7. The Jewish residents of this immediate neighborhood have moved away, leaving the plaintiff and his family among negro neighbors.

8. None of the negro witnesses who appeared for defendant retires to bed until the early hours of the morning.

9. The customers of the defendant's taproom do not leave her premises until 3 or 4 a. m.

10. While the place is not noisy enough to disturb the patrons of the taproom, the ordinary taproom style of the playing of a piano and banjo, and the occasional singing, shouting, laughing, and talking of some of the customers after midnight are bound to disturb anyone attempting to sleep next door, behind a thin brick partition or party wall.

### Discussion

For nearly 20 years, the families of the plaintiff and the defendant have lived next door to each other on South Street. The plaintiff conducted a shoe store, and the defendant a restaurant. With time, the neighborhood changed. Most of the storekeepers moved away, and the stores have been vacant for some time. The plaintiff's Jewish friends moved elsewhere, and with the exception of the firemen who were in the employ of the city and stationed at a firehouse across the street, all the plaintiff's neighbors are colored people.

About 2 years ago, the husband of defendant died, and she opened a taproom in conjunction with her restaurant. At this place she sells liquors, beer, and food. Her patrons are the colored people of the neighborhood. They congregate at the defendant's taproom to drink, eat, and have a good time. The defendant furnishes a piano player and a banjo player to entertain them. They are not louder or more boisterous than any other taproom in that section of the city. The patrons enjoy the place, and there is no evidence of the spasmodic fights that one might expect. The only fly in the colored patrons' enjoyment is the white family next door. It would be futile to argue that music coming from a piano and banjo that would satisfy the musical appetite of taproom habitues at 1 a. m. would not disturb the family next door as they struggled for sleep.

The taproom per se would make about the same character of noise if conducted by any other person. We must consider the changes that come with time. This neighborhood has become populated with colored people. It seems to be their habit in that section of the city to seek enjoyment in the early hours of the morning. It is proverbial that they like music. At the same time, the plaintiff, out of step with his neighbors of a different race and endeavoring to hold fast to the peace and tranquility of the past generation, demands his right to sleep and rest at a time when in his opinion all people of respectability should be at home and abed. He should have his rest and peace, with proper consideration to the fact of the change that has taken place in his old neighborhood.

The defendant must stop all music absolutely at 2 a. m. She must so maintain her place of business at and after 1 a. m. that neither the music nor the noise of her patrons will disturb the peace and reasonable quiet of the plaintiff and his family.

### Conclusions of law

1. It is not a nuisance per se to maintain a taproom.

2. The defendant may employ music on her premises so long as the volume of that music does not interfere with the peace and quiet of the plaintiff and his family.

3. The defendant shall not have music on her premises after 2 a. m., and she shall so operate her business that the peace and quiet of the plaintiff will

not be disturbed by any noises, whether it be that of her musicians or patrons, after 1 a. m.

*Decree*

And now, to wit, November 10, 1934, it is ordered and decreed that the defendant may employ music on her premises so long as the volume of that music does not interfere with the peace and quiet of the plaintiff and his family; that the defendant shall not have music on her premises after 2 a. m., and she shall so operate her business that the peace and quiet of the plaintiff will not be unduly disturbed by any noises, whether it be that of her musicians or patrons, after 1 a. m.; that the defendant pay the costs of this proceeding.